UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
MAR 12 2014
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

HEDWIG LISMONT,

    Plaintiff,

v.                                          Case No. 2:12-cv-592

ALEXANDER BINZEL CORP., et al.,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's motion for a protective order, ECF No. 68, and his memorandum in support, ECF No. 69. Defendants filed a memorandum in opposition, ECF No. 75, to which Plaintiff replied, ECF No. 78. The parties agree a protective order is necessary to prevent disclosure of sensitive information that is produced during this litigation. Defendants ask the Court, however, for a heightened second-tier of protection, classified as "Attorneys' Eyes Only" for sensitive financial information, which would deny only the Plaintiff from accessing and reviewing such financial information.[1] For the reasons discussed briefly below, the Plaintiff's motion for a protective order, ECF No. 68 is **GRANTED**, and the Court shall enter the attached proposed protective order, ECF No. 69, attach 1. at 2-11. The Plaintiff's request for fees and costs pursuant to Rule 37 is taken **UNDER ADVISEMENT**, and the parties are **DIRECTED** to submit supplemental briefs of clarification as described below.

Defendants ask the court to enter a protective order that would allow only the attorneys and experts to view certain confidential financial information designated "Confidential-

---

[1] Initially, Plaintiff was under the impression that Defendants wanted to bar access to Plaintiff and an independent expert. ECF No. 69 at 2. However, in their opposition and proposed protective order, Defendants clarified that they only seek to prevent Mr. Lismont from accessing and reviewing the financial information; they have no objection to an independent expert's review. ECF No. 75 at 4 n.4, attach. 1 at 5.

Attorneys' Eyes Only," pursuant to Federal Rule of Procedure 26(c).[2] Defendants seek this type of protective order because they want to prevent only Mr. Lismont from viewing and accessing "[h]ighly sensitive financial information, including price lists, sales data, profit margins, and market forecasts . . . ." ECF No. 75 at 1. Plaintiff opposes this request, and instead asks the Court to enter a "standard protective order" that would still protect sensitive information from disclosure, but allow Mr. Lismont to assist his attorneys in preparation for trial, and more immediately, the settlement conference scheduled for March 20, 2014. ECF No. 78 at 3. Ultimately, the Court finds that the Plaintiff's proposed protective order is "as narrow [of] a protective order as is necessary under the facts" to protect the sensitive financial information at issue, even in light of Defendants' "speculative statements about the need for a [heightened] protective order and the harm which would be suffered without one." *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412-13 (M.D.N.C. 1991) (citing *Gulf Oil v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (additional citation omitted)).

In general, under Federal Rule of Civil Procedure 26(c), the party seeking a protective order, or a particular provision therein, must set forth specific facts in support, and may not rely on mere conclusions or speculation, when demonstrating possible harm that would occur without the protective order sought. *Id.* Because "attorneys' eyes only" is a drastic limitation that is "reserved for only those rare instances in which it is truly justified," *Ragland v. Blue Cross Blue Shield of N. Dakota*, No. 1:12-cv-80, 2013 WL 3776495, at *2 (D.N.D. June 25, 2013), the party seeking such a provision must generally demonstrate the limitation is necessary to prevent

---

[2] The specific language of the provision at issue: "Confidential Information designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY" includes sensitive financial information that the party has maintained as confidential . . . . The counsel for the parties shall not disclose or permit the disclosure of any Confidential Information marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to any person other than [counsel, the Court and its personnel, Court Reporters and Recorders, and Consultants and Experts]." ECF No. 75, attach. 1 at 2, 5 (emphasis in original).

possible disclosure of sensitive information, or trade secrets, to a competitor. *See Westbrook v. Charlie Sciara & Son Produce Co., Inc.*, No. 07-2657, 2008 WL 839745, at *4 (W.D. Tenn. Mar. 27, 2008) (*compare Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Bottling Group, LLC*, No. 07-2315-JAR, 2008 WL 234326, at *4 (D. Kan. Jan. 28, 2008) (ordering financial information to be designated as "Highly Confidential-Attorneys' Eyes Only" for discovery between competitors), *with In re Michael Wilson*, No. 06-cv-2575, 2007 WL 3268475, at *3 (D. Colo. Oct. 30, 2007) (finding that a standard protective order was sufficient because parties were not direct competitors)) (additional citations omitted). This general rule recognizes the receiving party's interest in prosecuting its case, and specifically, the receiving client's interest in viewing the relevant evidence, fully discussing it with his attorneys, and making intelligent litigation decisions based on those assessments. *Ragland*, 2013 WL 3776495, at *1 (additional citations omitted).

Here, Defendants are "concern[ed] that Lismont could improperly use its price information and disclose such information to Defendants' competitors." ECF No. 75 at 6. Defendants argue this concern is "legitimate," but offer no specific facts to support their concern. Instead, first, it is undisputed that Mr. Lismont previously had access to some financial documents while he worked as a consultant to one named-Defendant, Binzel-Germany, regardless of whether this access was limited or not.[3] ECF No. 69, attach. 1 at 26 ¶ 4; ECF No. 75, attach. 4 at 1 ¶ 4 ("Mr. Lismont's access was limited to preliminary manufacturing costs and annual sales volume."). There is no allegation before the Court that Mr. Lismont improperly

---

[3] The parties disagree as to whether the Plaintiff was granted access to the Defendant's confidential financial information during the pendency of the litigation in Germany. *Compare* ECF No. 69, attach. 1 at 26 ¶ 5 ("[I]n the German litigations against Binzel Germany that took place between 2000 and 2013, Binzel Germany also disclosed technical and financial information to me, [Mr. Lismont], without a confidentiality agreement. And during the parties' settlement discussions in this case in Fall 2012, the defendants disclosed confidential sales information to me and my trial counsel."), *with* ECF No. 75, attach. 4 at 2 ¶ 6 ("During the German litigation, Mr. Lismont was not provided access to any of Binzel-Germany's financial documents.").

previously disclosed any of this sensitive information, in whole or in part. Second, there is no evidence that Mr. Lismont is a direct competitor of the Defendants, *see* ECF No. 69, attach. 1 at 27 ¶ 7 ("I am presently not working in the welding torch and contact tip industry."), and conclusory statements or speculation, *see* ECF No. 75 at 6 ("Defendants' concern that Lismont *could* improperly use its price information and disclose such information to Defendants' competitors . . . .") (emphasis added), about future possible harm is not enough to enter a heightened protective order that includes a provision for attorneys' eyes only. *Brittain*, 136 F.R.D. at 412. Third, Defendants are entitled to the protection of this sensitive financial information, but such protection must be narrowly tailored. *See Kinetic Concepts, Inc. v. Convatec Inc.*, No. 2010 WL 1947605, at *1 (M.D.N.C May 13, 2010) (quoting *Brittain*, 136 F.R.D. at 412) ("This requirement furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts."). Here, the Plaintiff's proposed standard protective order and accompanying "Acknowledgement and Agreement to be Bound" adequately protects the sensitive material from disclosure. By signing, the receiving and reviewing party explicitly agrees that the terms "obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern." ECF No. 69, attach. 1 at 11; *see also Defazio v. Hollister, Inc.*, No. CIV S-04-1358, 2007 WL 2580633, at *2 (E.D. Cal. Sept. 5, 2007) (permitting plaintiffs to view the documents with their attorneys, but warning "that violations of the protective order may lead to a dismissal of their case, contempt prosecutions, and other sanctions."). Accordingly, no greater protection is needed here. Lastly, Mr. Lismont is entitled to assist his attorneys in preparation for the litigation. Specifically, the Court is mindful that, based on counsels' representations, Defendants have

already mailed their financial data to Plaintiff, and Plaintiff's counsel must review this data in preparation for the settlement conference on March 20, 2014, just over one week away. ECF No. 78 at 3.

Therefore, for the reasons discussed above, the Plaintiff's motion for a protective order, ECF No. 68, is **GRANTED**. Accordingly, the Court shall enter the Plaintiff's proposed protective order and accompanying agreement, ECF No. 69, attach. 1 at 2-11. Lastly, the Plaintiff's request for fees and costs pursuant to Rule 37 is taken **UNDER ADVISEMENT**. As discussed *supra*, n.3, the Plaintiff contends by affidavit that he was entrusted with access to the Defendants' financial information during the pendency of the German litigation. The Defendants contend by affidavit that he was not. Both of these propositions cannot be correct. Accordingly, the parties are **DIRECTED** to address specifically the extent to which, if at all, Mr. Lismont had access to sensitive financial information during the course of the litigation in Germany by filing a supplemental brief of clarification no later than 3:00 p.m. on Monday, March 17, 2014.

The Clerk is **DIRECTED** to forward a copy of this order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 12, 2014

5