UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

HEDWIG LISMONT,

    Plaintiff,

v

ALEXANDER BINZEL CORPORATION, et. al.,

    Defendants.

Case No. 2:12-cv-592

Hon. Mark S. Davis

---

**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF A CONFIDENTIALITY ORDER**

**INTRODUCTION**

This response addresses Plaintiff's request for attorneys' fees in connection with its motion for a protective order. Plaintiff proposed a protective order which would provide Mr. Lismont unfettered access to the detailed financial information produced by Defendants in this case. Defendants, on the other hand, asked that certain sensitive financial information be designated "Attorneys' Eyes Only." The parties could not come to agreement on this issue, and Plaintiff's motion followed.

On March 12, 2014, this Court ruled on the motion, deciding in Plaintiff's favor. The protective order without the "Attorneys' Eyes Only" provision was then entered. The Court took Plaintiff's request for attorneys' fees under advisement, and asked for further briefing on the extent to which Mr. Lismont was previously provided access to Binzel's financial information.

**ARGUMENT**

    A.    **Mr. Lismont was only given limited financial information during his consulting engagement.**

Plaintiff argues that Defendants' position on the protective order was frivolous because Plaintiff had previously been provided with financial information while employed as a consultant by

1

Binzel.  It is undisputed, however, that this information was limited.  Mr. Lismont states only that he was given access to "financial information" without describing what the information was.  (Dkt. No. 69, at Ex. 3, Lismont Decl. at ¶ 4.)  Dr. Schubert, on behalf of Binzel, clarified that the information was limited to "preliminary manufacturing costs and annual sales volume."  (Dkt. No. 75, at Ex. D, Schubert Decl. at ¶ 4.)  And, clearly, all of this information related to a previous version of the contact tip, not to the deep-drilled products at issue in this case (since they had yet to be developed).  And, even then, Mr. Lismont was not provided access to any detailed sensitive information, such as operating margins, net profits, or sales forecasts.  Dr. Schubert further clarifies this information in a second Declaration, attached as ***Exhibit A***, at paragraphs 4 and 5.

      **B.**    **Mr. Lismont was not given access to detailed financial information in the German litigation.**

Mr. Lismont claims that he was given access to financial information during the course of the German litigation. (Dkt. No. 69, at Ex. 3, Lismont Decl. at ¶ 5.)  Again, there is no description of the information provided.  Dr. Schubert, in contrast, stated that Mr. Lismont was not granted access to any of Binzel's financial information during the German litigation.  (Dkt. No. 75, Schubert Decl. at ¶ 6.)

There is no dispute about this issue.  As pointed out in the Declaration of Jens Petry, the German counsel to Binzel in the previous litigation, Mr. Lismont "was never provided detailed sales information during the German litigation, nor was any sales document submitted to the German courts and made part of the public record."  (***Exhibit B***, Declaration of Jens Petry, at ¶ 8.)  As explained by Mr. Petry, that is because the German court never got to the issue of damages, since Lismont's claim for inventorship was denied.  (*Id*. at ¶¶ 4-9.)

The only document Mr. Lismont specifically claims he was provided is a settlement offer made by Binzel in 2008 at the direction of the German court. (Dkt. 78, Lismont Decl., attachment 1.) As part of the settlement offer, Binzel disclosed the total unit sales of deep drilled contract tips and the "typical sales price in the market." (*Id*.)[1] Clearly, this is not the type of detailed financial analysis that has been requested in this case, which include customer names, specific pricing amounts, gross margins, manufacturing costs, profits and sales projections. As explained by Dr. Schubert, Mr. Lismont was not provided with any of this information in the German litigation, nor was he given any information regarding Binzel U.S. (Ex. A, Schubert Decl. at ¶¶ 8-9.)

### C. Defendants have a legitimate basis to protect its detailed financial information from Lismont.

Plaintiff makes much of the fact that Lismont is not a "competitor" of Binzel, and there is no basis for shielding Lismont from Binzel's financial information. Just because Lismont claims he is not "currently" consulting in the welding torch industry, however, does not mean Binzel has no reason to fear disclosure. Clearly, Lismont has broad and extensive experience in this industry. Indeed, Plaintiff's attorneys argue that they need to use Lismont, and given him access to all of Binzel's information, precisely because of Lismont's deep knowledge of this industry. Because of this experience, Lismont certainly knows the players in the industry and would know how to exploit this information to his benefit.

In addition, Lismont has clearly indicated he intends to exploit information regarding deep-drilled technology. During the German litigation, it came to Binzel's attention that Lismont was contacting Binzel's competitors, offering to license the patented technology. (Ex. B, Petry Decl. at ¶¶ 10-11.) Mr. Lismont not only knows who Binzel's competitors are, he clearly has no

---

[1] This was clearly a settlement offer which should be covered by FRCP 408, which states that such information is not admissible, and is generally understood is not to be used for any purpose. Lismont's use of this document in connection with this motion is totally improper.

compunction about contacting them to try to further his own interests. Giving sensitive financial information to such a party is obviously of legitimate concern to Binzel.

## CONCLUSION

Binzel has justifiable concerns with sharing sensitive financial information with Mr. Lismont. Detailed financial information, such as what has been requested in this case, has never been provided to Lismont before, particularly in the context of the German litigation. While the Court has disagreed with Defendants' position on the protective order, there was certainly a justifiable basis for Defendants' argument. As such, an award of attorneys' fees under Rule 37 is not warranted.

Dated: March 17, 2014                    /s/ Richard H. Ottinger
                                          Of Counsel

Richard H. Ottinger
Virginia State Bar #38842
*Counsel for Defendants*
rottinger@vanblk.com
Vandeventer Black, LLP
500 World Trade Center
Norfolk, Virginia 23510-1699
Telephone: (757) 446-8600

Douglas A. Dozeman (P35781)
Michigan Bar #P35781
*Admitted Pro Hac Vice*
ddozeman@wnj.com
Warner Norcross and Judd LLP
Grand Rapids, MI  49503
616.752.2148

CERTIFICATE OF SERVICE

I hereby certify that on Monday, March 17, 2014, I will I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing (NEF) to the following registered users:

Jeremy Mindlin Jay
Leydig Voit & Mayer, P.C.
700 13th St NW, Suite 300
Washington, DC 20005
Email: jjay@leydig.com

Stephanie Marie Lawley
Leydig Voit & Mayer, P.C.
700 13th St NW, Suite 300
Washington, DC 20005
Email: slawley@leydig.com

Brett Alan Hesterberg
Leydig Voit & Mayer Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601
Email: bhesterberg@leydig.com

Heinz Michael Hartmann
Leydig Voit & Mayer Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601
Email: mhartmann@laydig.com

Paul John Korniczky
Leydig Voit & Mayer Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601
Email: pkorniczky@leydig.com

/s/ Richard H. Ottinger

Richard H. Ottinger
Virginia State Bar #38842
*Counsel for Defendants Alexander Binzel Corporation*
*Alexander Binzel Schweisstechnik GMBH & Co. KG*
*Abicor Unternehmensverwaltungs GMBH*
*IBG Industrie-Beteiligungs-GMBH & Co. KG, and Richard Sattler*
rottinger@vanblk.com
Vandeventer Black, LLP
500 World Trade Center
Norfolk, Virginia 23510-1699
(757) 446-8600
(757) 446-8670 – facsimile

4825-6015-3625, v. 1